## Ho v Star Contrs., Inc.

2025 NY Slip Op 30143(U)

January 13, 2025

Supreme Court, New York County

Docket Number: Index No. 652769/2022

Judge: Melissa A. Crane

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | __HON. MELISSA A. CRANE__ | PART **60M** |
| | *Justice* | |

-------------------------------------------------------------------------------X

EDWARD J. HO, GWENDOLYN HO,

Plaintiff,

- v -

STAR CONTRACTORS, INC.,LEONARD FUSHA, SUELA LEKA, GRATIA CONTRACTORS, INC.

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652769/2022 |
| MOTION DATE | 03/07/2024 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246

were read on this motion to/for _____DISMISSAL_____.

Upon the foregoing documents, it is

This case involves a residential construction project. By this motion, defendants STAR CONTRACTORS, INC., aka FIVE STAR EURO CONSTRUCTION CORP., LEONARD FUSHA and SUELA LEKA move (a) pursuant to CPLR § 3126(3), dismissing the Plaintiffs' complaint against these Defendants for Plaintiffs' willful failure to appear for court ordered depositions; and take the deposition of these Defendants, and serve a Verified Bill of Particulars pursuant to the Court's Prior Orders; or, in the alternative, (b) for an Order pursuant to CPLR § 3126 precluding the plaintiffs from introducing any evidence or testimony at the time of trial and upon preclusion, dismissing the plaintiff's action; and/or vacate the Note of Issue/Certificate of Readiness filed on February 16, 2024 because, at the time the motion was made, discovery including all depositions remain outstanding; and (c) extending the defendants' time to move for summary judgment to120 days after the outstanding discovery is completed.

652769/2022   HO, EDWARD J. ET AL vs. STAR CONTRACTORS, INC. ET AL
Motion No. 004

Page 1 of 5

[* 1]

There is also a cross motion from Gratia Contractors for essentially the same relief. It was confusing for Gratia to cross move for the same relief, because there was nothing "cross" about it. Going forward, the court's preference is not to have cross motions from any party.

The need for this motion involves plaintiffs' tactic of delaying depositions in this case to such an extent that they were prevented from taking place. Plaintiff has delayed discovery from the start. On August 31, 2022, the court issued a Preliminary Conference order that called for document production by October 31, 2022 (See EDOC 13). However, over a year later, and without telling the court that deadlines were ignored, the parties had accomplished basically nothing. On September 21, 2023, the court had to set a <u>final</u> scheduling order with a new production date of October 10, 2023 (see EDOC 78). This scheduling order required depositions by October 31, 2023, and stated that failure to meet these deadlines meant that the depositions and document discovery were "otherwise waived and precluded."

The day before document discovery was due, on October 9, 2023, plaintiff's counsel filed a letter asking for 60-day discovery extension because Ms. Ho had been in a car accident (EDOC 182). Accordingly, on October 10, 2023, the court held a conference to discuss extensions. In an "amended and final" scheduling order entered on October 26, 2023, the court reflected the directives from the October 10, 2023 conference. The court extended: (1) the party production deadline to November 7, 2023, (2) depositions to December 1, 2023 and (3) the Note of issue to December 15, 2023. Again, the court warned that failure to comply with deadlines would result in waiver and preclusion (see EDOC 183).

Nevertheless, on November 13, 2023, plaintiffs counsel sent another letter asking for additional time to complete document discovery because Ms. Ho was "still recovering" from her accident (see EDOC184). Accordingly, on November 14, 2023, the court, moved the fact

652769/2022 HO, EDWARD J. ET AL vs. STAR CONTRACTORS, INC. ET AL
Motion No. 004

Page 2 of 5

depositions deadline to January 15, 2024, again stating failure to complete meant discovery was otherwise waived and precluded automatically. (See EDOC 185).

Yet again, on January 3, 2024, plaintiff's counsel filed another letter stating that Ms. Ho was suffering from PTSD from her car accident (EDOC 186). At the conference on January 4, 2024, counsel told the court that now the Ho's son had been in a car accident, out of state, which was distressing for Ms. Ho. Plaintiffs' counsel also refused to take depositions without both clients present.

This request resulted in the January 5, 2024 "final discovery order." This order stated that all documents that had not as yet been produced were waived and precluded. The court again extended the discovery cut off for depositions until February 9, 2024. The court moved the note of issue to February 16, 2024 (see EDOC 187).

Yet again, on January 31, 2024, plaintiffs' counsel filed a letter requesting further discovery extensions, this time because Mr. Ho's father passed away (EDOC 195). Notably, the final discovery order was issued on January 5, 2024, yet plaintiffs had waited until the very last week of the month- long extension period to schedule the depositions. In addition, Mr. Ho's father had passed on January 29, 2024. Nevertheless, despite presumably being the party who would want to move this case along, plaintiffs claimed "Given the grieving process and the need for Mr. Ho to make funeral arrangements to accommodate the decedent's siblings and relatives who live abroad, the funeral is to be held during the period when depositions were previously scheduled in February." (EDOC 195).

On February 1, 2024, the court denied plaintiffs' request and precluded all depositions on grounds of waiver because: (1) plaintiff had requested and received extensions numerous times, (2) we were now well beyond the 60-day extension plaintiffs had originally requested, (3)

652769/2022  HO, EDWARD J. ET AL vs. STAR CONTRACTORS, INC. ET AL
Motion No. 004

Page 3 of 5

plaintiffs waited until the last week of the month long extension to schedule depositions, thereby leaving no room for unforseen circumstances, (4) plaintiffs' refusal to allow depositions to proceed without their presence was unnecessary, and (5) despite the senior Mr. Ho having died on January 29,[th] plaintiff planned the funeral for the exact same day as the depositions.

While the court was sympathetic to the series of unfortunate events that the Ho's endured, given the technical nature of the testimony of the professionals, like the architect and the designer, it was unreasonable for plaintiffs to have insisted on both of them attending every deposition. This was especially so in light of the number of adjournments that had already occurred. Certainly, plaintiffs' zealous and highly competent counsel could have handled the depositions of the professionals without them.

However, at oral argument on plaintiffs' motion for summary judgment, it became apparent that, rather than punishing plaintiffs' recalcitrance, precluding the depositions of the professionals hampered defendants' ability to put on a defense. Accordingly, the court allowed defendants to take whatever depositions they wanted of the professionals post note of issue.

Thus, that part of defendant's motion seeking to reopen discovery to take depositions is now moot, those depositions having occurred. That part of the motion allowing defendants 120 days after the completion of depositions to move for summary judgment is denied. First, there was nothing stopping defendants from at least initiating papers for summary judgment before taking these depositions and then asking the court to supplement the record as they did on plaintiffs' motion for summary judgment. Also, it has been defendant's firm position in opposition to plaintiff's motion that issues of fact exist to preclude summary judgment. The issues of fact go both ways. Defendants do not even attempt to explain why their own motions

**652769/2022  HO, EDWARD J. ET AL vs. STAR CONTRACTORS, INC. ET AL**
**Motion No.  004**

**Page 4 of 5**

[* 4]

4 of 5

would not suffer from these same issues of fact. Therefore, there is no good cause to extend Brill deadlines.

Finally, as to that part of the motion concerning plaintiff's refusal to appear for depositions, the court precludes plaintiffs from testifying at trial. If this case survives plaintiffs' summary judgment motion, plaintiffs will not be allowed to testify at all. Hence, there will not be opposition from plaintiffs themselves to defendants' likely testimony that plaintiffs caused their own delay.

Accordingly,

It is ORDERED THAT the court grants the motion and the cross motion to the extent that defendants are allowed (and have) taken the deposition of plaintiff's architect and designer and otherwise denies the motion and cross motion; and it is further

ORDERED THAT the cross motion is denied as moot; and it is further

ORDERED THAT the court precludes further cross motions.

| 1/13/2025 | | |
|---|---|---|
| DATE | | MELISSA A. CRANE, J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

652769/2022 HO, EDWARD J. ET AL vs. STAR CONTRACTORS, INC. ET AL
Motion No. 004

Page 5 of 5

5 of 5